# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SHARI MONROE, ) | |
| ) | Case No. 3:18-cv-365 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| BARCLAYS CARD DELAWARE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Plaintiff filed this *pro se* action on July 23, 2018, in the General Sessions Court of Knox County, Tennessee. (Doc. 1-1.) Defendant removed the action to this Court on September 5, 2018. (Doc. 1, at 2.) On October 11, 2018, the Court granted Defendant's motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and ordered Plaintiff to file an amended complaint within fourteen days. Plaintiff failed to file her amended complaint. Several of the documents which the Clerk has mailed to Plaintiff have been returned as undeliverable, indicating that Plaintiff has failed to update her address in accordance with Local Rule 83.13. (*See* Doc. 7.)

On October 26, 2018, the Court ordered Plaintiff to show cause within fifteen days as to why her case should not be dismissed for failure to prosecute and directing Plaintiff to file an amended complaint within fifteen days. (Doc. 20, at 1.) The Court warned Plaintiff that, if she failed to timely comply, her case would be dismissed. (*Id.*) Plaintiff has failed to respond in any way to the Court's order, and she has not filed an amended complaint as directed.

Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, Plaintiff's failure to prosecute this action can likely be attributed to her own fault. Although Plaintiff may not have received all of the Court's warnings because the Clerk's mailings have been returned as undeliverable, (*see, e.g.*, Docs. 11, 18, 19), the most likely reason is her failure to update her address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the *pro se* party to monitor the progress of her case and to prosecute or defend her action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal because Defendant has not been prejudiced much, if at all, by Plaintiff's inaction. A scheduling order has not yet been issued, and the delay has only lasted approximately one month.

The third factor weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure. Although Plaintiff did not receive all of the Court's warnings by mail, the "Notice Regarding Requirement to Notify Court of Change of Address" (Doc. 7) was mailed to her and was not returned.

Finally, the Court finds that an alternative sanction of dismissal without prejudice would be effective and that dismissal with prejudice may be too harsh under the circumstances. The Court believes that a dismissal without prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**